IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03693-CMA-MEH

ADAM JONES,

    Plaintiff,

v.

STEPHENS, in his individual capacity,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Adam Jones asserts one claim against Defendant Brian Stephens pursuant to 42 U.S.C. § 1983 related to the confiscation of prison mail. Defendant filed the present Motion to Dismiss ("Motion"), asserting that he is entitled to qualified immunity. District Judge Christine M. Arguello referred the Motion to this Court for a recommendation. ECF 34. The Court finds that oral argument would not materially assist in adjudicating the Motion. For the reasons described herein, the Court respectfully recommends that the Motion be granted.

## BACKGROUND

**I.    Factual Background**

    The following are the relevant, factual allegations made by Plaintiff in the operative pleading, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Plaintiff was a prisoner at the Fremont Correctional Facility ("FCF") in Canon City, Colorado. Am. Compl. at 2. On or about July 9, 2020, Plaintiff received mail, including one

greeting card with five pictures of children inside. *Id.* Defendant opened Plaintiff's mail when it arrived at FCF. *Id.* at 9. He declared the mail contraband and withheld it from Plaintiff. *Id.* Plaintiff alleges this was done in contravention of Colorado Department of Corrections ("CDOC") administrative regulations that require the mail to be sent to a reading committee for review. *Id.* Due to this, Plaintiff asserts that Defendant violated his First Amendment rights. *Id.*

## II. Procedural Background

Plaintiff initially filed this suit against several other defendants with four additional claims. However, on April 20, 2021, following initial review, Magistrate Judge Gordon P. Gallagher recommended dismissal of all other defendants and all but one of Plaintiff's claims. ECF 23. On May 11, 2021, Senior District Judge Lewis T. Babcock accepted and adopted the recommendation. ECF 24. Thus, Plaintiff's sole remaining claim is for the alleged violation of the First Amendment against Defendant in his individual capacity. *Id*.

## **LEGAL STANDARDS**

### I. Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In tis context, plausibility means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare

2

assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

**II.     Treatment of a Pro Se Plaintiff's Complaint**

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

As mentioned above, Plaintiff's sole claim remaining in this matter is the First Amendment claim against Defendant for withholding his mail. Defendant asserts the defense of qualified immunity, arguing both that Plaintiff has not stated a constitutional violation nor pointed to a right that is clearly established. The Court agrees with Defendant on both elements.

**I.     Qualified Immunity**

The doctrine of qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important

4

interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because qualified immunity is an immunity from suit, rather than a mere defense to liability, it is effectively lost if a case is erroneously permitted to go to trial. *Id*. at 231; *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) ("The privilege is an immunity from suit rather than a mere defense to liability."). The "driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson*, 555 U.S. at 231–32 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)). In other words, "[q]ualified immunity is designed to protect 'all but the plainly incompetent or those who knowingly violate the law.'" *Soza v. Demsich*, – F.4th –, 2021 WL 4203054, at *2 (10th Cir. Sept. 16, 2021) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

When a defendant asserts qualified immunity, the plaintiff has a two-fold burden to overcome the asserted immunity: (1) "rebut the [defendant's] no-constitutional-rights arguments" and (2) "demonstrate that any constitutional violation was grounded in then-extant clearly established law." *Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015) (citing *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009)); *see also Felders v. Malcom*, 755 F.3d 870, 877–78 (10th Cir. 2014) ("[T]he 'record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.'" (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001))). An official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). To satisfy the clearly established prong of the test,

the Tenth Circuit requires that "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010).

Traditionally, there has been a two-step process for resolving qualified immunity questions: "First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right. . . . Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Pearson*, 555 U.S. at 232 (quoting *Saucier v. Katz*, 533 U.S. 194 (2001) (internal citations and quotation marks removed)). However, the Supreme Court has afforded courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). Here, the Court begins with whether Plaintiff has pointed to clearly established law.

A.   **Clearly Established**

Plaintiff points to five cases in his response as demonstrating clearly established law. Two of them are not Tenth Circuit or Supreme Court cases: *Krug v. Lutz*, 329 F.3d 692 (9th Cir. 2003) and *People v. Holmes*, 959 P.2d 406 (Colo. 1998). As such, they cannot, alone, provide the basis for clearly established law. *Clark*, 625 F.3d at 690. Plaintiff's three remaining cases are all Supreme Court decisions: *Procunier v. Martinez*, 416 U.S. 396 (1974), *overruled by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987); and *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Through these cases, the Supreme Court ruled that prison regulations concerning the sending of mail to inmates are subject to a reasonableness standard, such that

6

"regulations are 'valid if [they are] reasonably related to legitimate penological interests.'" *Thornburgh*, 490 U.S. at 413 (quoting *Turner*, 482 U.S. at 89).

For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). There is no requirement that "a case [be] directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). This means that clearly established law cannot be defined "at a high level of generality." *Id.* at 742. Instead, "the clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017).

Plaintiff has not met his burden of pointing to a clearly established right. He contends that the reasonableness standard in *Turner*, while generally applicable in these types of cases, is "moot" here because "[t]here is absolutely no CDOC prison regulation that prevents sex offenders from receiving or possessing pictures of children." Resp. at 7.[1] In other words, *Turner* applies to regulations, and there is no specific regulation concerning or permitting Defendant's conduct. If

---

[1] The reference to Plaintiff as a sex offender comes from the briefing and not the Amended Complaint. In fact, Defendant relies heavily on Plaintiff's conviction for a sex offense, which is not alleged in the Amended Complaint. Defendant requests that the Court take judicial notice of Plaintiff's criminal appeal case, *People v. Jones*, 18CA929 (Colo. App. Jan. 14, 2021), attached to the Motion as an exhibit. ECF 32-1. "[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver,* 180 F.3d 1185, 1188 (10th Cir.1999). "However, a court may properly consider facts subject to judicial notice, state court pleadings, and matters of public record without converting a motion to dismiss into a motion for summary judgment." *Allen v. Clements*, 930 F. Supp. 2d 1252, 1259 (D. Colo. 2013) (citing *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008)). Thus, the Court can and will take judicial notice of *People v. Jones* without converting the Motion into a motion for summary judgment. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that federal courts can take judicial notice of proceedings in other courts, including courts outside of the federal judiciary).

Plaintiff's interpretation is correct, then the Supreme Court cases he cites are inapplicable because they concern regulations and not "rogue" acts by individuals. Put differently, Plaintiff has not cited a case with particularized facts that would put Defendant on notice of a clearly established right. Even if Plaintiff's interpretation is wrong, namely that Defendant's actions can constitute a regulation or policy without a formal regulation from the prison, Plaintiff's cited cases are at too high a level of generality. None of them concern the confiscation of mail containing photographs of children from a convicted sex offender. Accordingly, Plaintiff cannot point to a clearly established right, and Defendant is entitled to qualified immunity.

### B.   First Amendment Violation

Alternatively, even if Plaintiff met his burden on the clearly established law, Defendant is still entitled to qualified immunity for lack of a plausibly pled constitutional violation. Defendant argues that the confiscation of Plaintiff's greeting card and photos is not a constitutional violation because the restriction is reasonably related to FCF's penological interests. Mot. at 8. Specifically, Defendant contends that Plaintiff is convicted of possession of child pornography and preventing him from receiving photographs of children is a rational restriction on Plaintiff's mail. *Id.*

As mentioned earlier, the Supreme Court has held that "restrictive prison regulations [including restrictions on First Amendment rights] are permissible if they are reasonably related to legitimate penological interests and are not exaggerated response to those concerns." *Beard v. Banks*, 548 U.S. 521, 528 (2006) (citing *Turner*, 482 U.S. at 78). Therefore, to survive a motion to dismiss for failure to state a claim, Plaintiff "must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Gee v. Pacheco*, 627 F.3d 1178, 1187–88 (10th Cir. 2010).

8

In *Ahlers v. Rabinowitz*, the Second Circuit affirmed the dismissal of a prisoner's complaint alleging the illegal withholding of his mail. 684 F.3d 53, 64–65 (2d 2012). There, the prison confiscated mail that "contained images of children in bathing suits, which staff deemed clinically inappropriate." *Id.* at 65. The Second Circuit held that, "[b]ecause of the state's interest in treating [the plaintiff's] sexual deviance, [facility] staff had justification for an embargo on these images." *Id.* Similarly, the District Court for the Northern District of New York found that "[r]estrictions on incoming mail containing pictures of minors in a group home where many residents have committed sexual offenses against children is a policy that is rationally related to legitimate government interests." *Yeldon v. Hogan*, No. 9:08-cv-769 (NAM/RFT), 2010 WL 983819, at *9 (N.D.N.Y. Mar. 15, 2010).

Like those courts, the Court agrees that the prevention of mail including photos of children from reaching inmates convicted of sexual crimes involving children serves legitimate penological needs. Plaintiff's allegations in his Amended Complaint do not plausibly draw an inference to the contrary. *Gee*, 627 F.3d at 1188 (noting that the plaintiff must "plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest"). Nor does Plaintiff's assertion that Defendant's alleged failure to follow FCF's procedure to forward mail to a reading committee save his claim. *See Ernst v. Creek Cnty. Pub. Facilities Authority*, 697 F. App'x 931, 934 (10th Cir. 2017) ("The Supreme Court has held that simply failing to follow jail policies is not a constitutional violation in and of itself."). Whether Defendant complied with the prison regulation regarding incoming mail, the fact is that withholding photos of children[2] from a convicted possessor of child pornography is a rational

---

[2] Defendant notes that the photos sent to Plaintiff are not mere photos of children but can "constitute sexually explicit material under the federal standards prohibiting 'lascivious' display of children's genitals." Mot. at 7 n.1 (citing *U.S. v. Knox*, 32 F.3d 733, 744–51 (3d Cir. 1994)).

9

restriction related to a legitimate penological interest. As such, Plaintiff has not plausibly pleaded his claim, and Defendant is entitled to qualified immunity.

**II.  Leave to Amend**

Generally, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id.*  However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming*, 573 F. App'x at 769 (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). In this case, Plaintiff has already amended his Complaint once. Moreover, the defect in Plaintiff's Amended Complaint does not stem from an ignorance of special pleading requirements. Plaintiff's fundamental complaint against Defendant is that he confiscated a greeting card containing five photos of children. As mentioned in this Recommendation, that restriction is based on a legitimate penological interest in preventing convicted child sex offenders from possessing photographic material of children. Moreover, Plaintiff failed to demonstrate the existence of a clearly established right. Hence, if the Court permitted the filing of a second amended complaint, that pleading would be subject to dismissal and thus futile. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.

---

This additional information is not in the Amended Complaint, nor is it a fact of which the Court can take judicial notice. Therefore, this information plays no role in the Court's Recommendation.

2001) ("We have stated that '[d]ismissal of a pro se complaint for failure to state a claim is proper only where . . . it would be futile to give him an opportunity to amend.'" (quoting *Perkins v. Kans. Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999))). Accordingly, Plaintiff's claim against Defendant should be dismissed with prejudice.

## CONCLUSION

For the reasons described, the Court respectfully recommends **granting** Defendant's Motion [filed July 9, 2021; ECF 32] and dismissing Plaintiff's sole claim with prejudice.[3]

Respectfully submitted this 14th day of October, 2021, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).